CAUSE NO. _____

| | | |
|---|---|---|
| DEVIN GONZALEZ<br><br>Plaintiff,<br><br>v.<br><br>COMERICA BANK & TRUST,<br>NATIONAL ASSOCATION<br>Defendant. | § § § § § § § § § § § § § § § § § | IN THE COUNTY COURT<br><br><br><br><br>AT LAW, NO. _____<br><br><br><br><br>SMITH COUNTY, TEXAS |

---

**PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR INJUNCTIVE RELIEF**

---

Plaintiff Devin Gonzalez ("Gonzalez," "Plaintiff," or "Beneficiary") complains of Comerica Bank and Trust, National Association ("Comerica"), and for causes of action would show:

**I.**
**DISCOVERY LEVEL**

Plaintiff seeks monetary relief in an amount less than $100,000, and non-monetary relief, and pleads that discovery should be conducted in accordance with Level 2 under Tex. R. Civ. P. 190.3.

**II.**
**BACKGROUND**

This suit arises out of the mismanagement of the Devin Phillips Tolleson Trust (the "Trust") by Comerica. The Trust was established on or about April 4, 2006 for the benefit of

beneficiary Devin Phillips Tolleson, A/K/A Devin Gonzalez. Comerica was appointed to serve as the initial Trustee of the Trust. Initially, Janet Woods assisted in the administration and management of the Trust to the satisfaction of the then-minor Beneficiary and his guardians. With the departure of Janet Woods, whose affiliation with Comerica ended in 2014, a series of ineffective and inexperienced transitory trust officers have been variously assigned to manage the Trust.

As a result of this turnover, Comerica has failed to adequately review or modify the budget put in place during Ms. Woods' tenure to meet Beneficiary's contemporary needs. Distribution requests by the Beneficiary have not been meaningfully considered, the immediate needs of the Beneficiary have not been addressed, Trust assets have been inadequately supervised, and that Comerica has negligently authorized the disbursement of Trust funds to parties either strangers to Beneficiary, or to pay for services not actually being provided for the benefit of the Beneficiary.

### III.
### PARTIES AND SERVICE

Plaintiff is Trust Beneficiary Devin Gonzalez, an individual residing in the State of Texas and represented in this action by the undersigned counsel.

Defendant Comerica Bank and Trust, National Association, a wholly owned subsidiary of Comerica Incorporated, headquartered in Detroit, Michigan. This Defendant may be served with process c/o Kristen Espinales, Special Secretary, Corporate Creations Network, Inc., 5444 Westheimer, #1000, Houston, Texas 77056.

### IV.
### CAUSES OF ACTION

Plaintiff seeks monetary damages of $100,000 or less and non-monetary belief, pursuant to Tex. R. Civ. P. 47(c)(2).

### A. Breach of Fiduciary Duty

Comerica has failed faithfully discharge all duties of the Trustee of the Devin Tolleson Trust. On information and belief, in Comerica negligently used Trust assets to pay for automobile insurance for a third party wholly unrelated to Beneficiary, namely a distribution in the amount of $2,104.71, paid on July 29, 2019 to State Farm Insurance for the benefit of Isaac Muniz. Based on transaction records for the Tolleson Trust, it appears that Comerica eventually realized this error some months, later, and on October 15, 2019, credited $2,014.71. Having still not refunded the full amount misappropriated from the Tolleson Trust, the remaining $90.00 difference was ultimately credited on October 16, 2019. Comerica neither notified the Beneficiary of this error, nor offered any explanation for how it occurred.

Similarly, Comerica expended Trust resources to pay for home healthcare services, ostensibly for Beneficiary, which he neither required, nor received, paid on July 30, 2019 to Davies Enterprises-Aging. What relationship exists between this company and Comerica and/or its employees is also unknown. In this instance, a stop-payment was noted related to this payment. As with the third party auto insurance, Comerica neither notified the Beneficiary of this error, nor offered any explanation as to how it occurred.

Those limited funds that are provided to Beneficiary for his use are provided via a restricted debit card, whose use is severely limited in both scope and amount that can be spent per transaction. For example, one authorized use is to obtain hearing aids. It should be noted however, that Beneficiary has no need of hearing aids, and even if he did, the transactional cap of $250.00 would pose substantial challenges in obtaining them.

Comerica has further failed to communicate with the Beneficiary, as required by the Trust Instrument, to obtain such information that would enable it to make informed, reasonable disbursement decisions. When contacted by the Beneficiary on October 24, 2019, regarding a request relating to a hunting trip, Jennifer Sells, the Comerica Vice President and Trust Advisor not only dismisses the request, she materially misrepresents the role of a Guardian in relation to Comerica's authority to make disbursements under the Trust.[1] Comerica has abandoned its obligation to exercise its discretion for the benefit of the Beneficiary or to exercise the minimum level of care that might have prevented the misuse of Trust assets for third party auto insurance and home healthcare expenditures.

### B. *Hostility amongst parties*

Since 2014, the relationship between Beneficiary and the various Comerica trust officers handling the Trust has deteriorated. Comerica has not been responsive to Beneficiary requests, and has not sought to actively engage with Beneficiary as to how the Trust should be administered to meet his needs, specifically in the areas of health, education, support and maintenance. With respect to Beneficiary's communications with Ms. Sells referenced above, it appears that her misrepresentation regarding the role of a Guardian were either deliberate, or the result of her unfamiliarity with the actual Trust documents she was tasked with administering.

According to a January 13, 2020 letter from Ms. Sells to the Beneficiary, yet another Comerica Trust Officer, Luz Felix, in Comerica's "Boba [sic] Raton FL" office, is now responsible for the Tolleson Trust. Having endured six years of trustee turnover and deficient management, Beneficiary seeks an end to Comerica's control over his Trust and its transfer to a more capable Trustee.

---

[1] See Devin Phillips Tolleson Trust, Art. III, B

PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR INJUNCTIVE
RELIEF                                                                                      Page 4

### C. *Temporary Restraining Order and Injunctive Relief*

In light of the irregularities and mismanagement of the Trust by Comerica, it would be improper to permit Comerica to utilize Trust assets to fund its appearance and defense in this action. Therefore, pursuant to Section 114.008 of the Texas Property Code, Plaintiff request that Comerica be enjoined from utilizing any Trust assets or resources in its defense in this matter without first obtaining an order from this court authorizing such expenditure. *See 183/620 Group Joint Venture v. SPF Joint Venture,* 765 S.W.2d 901 (Tex. App. – Austin 1989, writ dism'd w.o.j.). Since this is a fiduciary case, Beneficiary is not required to show that he has an inadequate remedy at law to obtain injunctive relief. *Id.* at 903-904 and authorities cited therein. Moreover, Plaintiff is likely to prevail in a trial on the merits, and a restraining order and injunction are necessary to preserve the status quo.

### D. *Removal and Appointment of Successor Trustee*

Because of Comerica's dereliction of its fiduciary duty in administering the Trust and hostility between the Beneficiary and Comerica's rotating cast of Trust Officers, Plaintiff requests, pursuant to Sections 113.082(4) and 113.083 of the Texas Property Code, that this Court remove Comerica as Trustee and appoint a successor in its stead. Specifically, Plaintiff asks that Janet Woods, be designated as investment advisor, and Arden Trust Company be appointed as successor Trustee.

### E. *Fee Forfeiture*

The negligent actions of Comerica constitute a breach of trust such that it should be denied compensation for those its purported services rendered since at least July 29, 2019 when it diverted Trust assets for the benefit of an unrelated third party. When Comerica discovered it had misappropriated Trust assets for the purchase of a third party's auto insurance and home healthcare

services, it had a duty to notify Beneficiary of this error even as it took steps to correct it. Instead, it simply placed a stop payment in once instance, transferred money back into the Trust over the course of a few days in the other, and left it at that.

### *F. Declaratory Judgment*

Pursuant to the Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE § 37.005, Plaintiff seeks a Declaratory Judgment from this Court that Comerica has breached its fiduciary duties to Plaintiff as trustee. Plaintiff additionally seeks to recover his costs and reasonable and necessary attorney's fees.

### V.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests:

1. The issuance of an immediate temporary restraining order preventing Defendants from utilizing any assets of the Trust for legal fees related to the defense of this action; and

2. Following hearing and notice to Defendants, issuance of a temporary injunction to prevent Defendant from utilizing any assets of the Trust for legal fees related to the defense of this action absent an order from this court specifically authorizing same; and

3. That Comerica forfeit all fees it may have assessed or claim dating from the June 29, 2019; and

4. Damages in the amount of those sums wrongfully diverted from the Trust to pay for goods and services not benefitting Beneficiary and not yet restored, if any, along with the maximum lawful interest on same from the date of the misappropriation, respectively; and

5. A Declaratory Judgment that Comerica has breached its fiduciary duty to Plaintiff as trustee for the Devin Tolleson Trust; and

6. Recovery of Plaintiff's costs and reasonable and necessary attorney's fees; and

7. Upon final hearing, that Comerica be removed as Trustee of the Trust, and a successor named in accordance with the wishes of the Beneficiary; and

8. Any additional and further relief to which Plaintiff may show himself justly entitled.

                Respectfully submitted,

/s/ Hayden Hooper
THEODORE J. RINEY
State Bar No. 16935075
triney@rineypackard.com
BRUCE K. PACKARD
State Bar No. 15402300
bpackard@rineypackard.com
HAYDEN HOOPER
State Bar No. 24066517
hhooper@rineypackard.com
**RINEY PACKARD, PLLC**
Two Lincoln Centre
5420 LBJ Freeway, Suite 220
Dallas, Texas 75240
214-461-1200 - Telephone
214-461-1210 - Facsimile

**ATTORNEYS FOR DEVIN GONZALEZ**

### CERTIFICATE OF CONFERENCE

On February 12, 2020, I provided Luz Felix of Comerica with a copy of application and proposed order, a time at least two (2) hours before the application and proposed order are to be presented to the Court for decision. I further provided my office phone number for Comerica or its counsel to contact me for additional Court assignment information and to express their wish to appear.

                */s/ Hayden Hooper*
                Hayden Hooper

## Declaration of Devin Gonzalez

My name is Devin Gonzalez, a/k/a Devin Phillips Tolleson. My date of birth is June 29, 2000. I am the Plaintiff in this matter and the named beneficiary of the Devin Phillips Tolleson Trust. My current address is 13777 Burro Dr., Tyler, Texas 75707. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Smith County, Texas on this __3__ day of __Febuary__, 20__20__.

_Devin Gonzalez_
Devin Gonzalez, Declarant